UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) Case No. 3:16-CR-083 JD |
| | ) |
| BRITTANY STENBERG (03) | ) |

## OPINION AND ORDER

On October 12, 2016, Defendants Anthony Huey, Raquel Nichols, and Brittany Stenberg were indicted. Defendant Stenberg was charged in counts 1-3 for enticement of a minor to engage in prostitution, sex trafficking of a minor, and transporting a minor to engage in prostitution, while Defendants Huey and Nichols were charged with the same crimes in counts 5-7, albeit the time frame of the alleged conduct is slightly later and includes aiding and abetting. Defendant Stenberg was also charged in count 4 for distributing marijuana to a minor, while Defendants Huey and Nichols faced the same charge in count 8.

Given the same series of acts alleged to have been committed by defendants against a victim identified only as Jane Doe, no party suggests that joinder was improper under Federal Rule of Criminal Procedure 8. However, even when offenses and defendants are properly joined under Rule 8, a court may sever the defendants' trials when their joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

After Huey filed a motion to suppress, Stenberg moved to sever her trial from Huey's trial[1] because she did not want her trial to be further delayed by the need for a ruling on the suppression request [DE 58] (labeled "Objection to Continuance of Trial and Motion to Sever Defendants"). But because Huey's motion to suppress has since been withdrawn, no more delay

---

[1] Defendant Nichols remains a fugitive.

as a result of that motion can result and the trial can be reset upon issuance of this Order. The entirety of counsel's argument concerning other prejudice caused by joinder is that Stenberg does not want to be "negatively affected by evidence used to convict Huey which would otherwise not be admissible in her trial" and she "may have testimony which would have a negative effect on Huey's case." [DE 58].

The determination of risk of prejudice is left to the sound discretion of the court. *United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002). The Court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id*. It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767-68 (7th Cir. 1988). Even a showing that two defendants have "mutually antagonistic defenses," that is, that the jury's acceptance of one defense precludes any possibility of acquittal for the other defendant, is not sufficient grounds to require a severance unless the defendant also shows prejudice to some specific trial right. *Zafiro*, 506 U.S. at 538; *United States v. Mietus*, 237 F.3d 866, 873 (7th Cir. 2001).

Stenberg's unsupported assertion that evidence concerning only Huey might be admitted and could have a negative impact on Stenberg's trial (or vice versa), lacks any specifics with respect to what that evidence might be. Moreover, defense counsel offers only sheer speculation of unfairness and the current record fails to support even the possibility that prejudicial evidence will affect Stenberg's trial rights or affect the jury's ability to render a reliable judgment on each count as alleged against each defendant. *See United States v. Thornton*, 197 F.3d 241, 255 (7th

Cir. 1999) (defendant fails to identify any such spillover evidence and fails to show how he was otherwise prejudiced by the evidence). The Government's response pointed out Stenberg's failure to show any prejudice caused by joinder of the defendants [DE 66], but in reply defense counsel noted there being nothing additional to argue [DE 71].

The Court also notes that the charges alleged in the indictment do not appear complex. There is very little to no possibility that the jury will be confused over which evidence relates to which count. *See Moya-Gomez*, 860 F.2d at 768 (noting that "'[t]he question of whether a joint trial infringes upon the defendant's right to a fair trial depends on whether it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate and appraise the evidence relevant only to each defendant.'") (citations omitted). And while the charges appear straightforward, the Court will still need to instruct the jury that the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes with which he or she was charged, that the jury must give separate consideration to each individual defendant and to each separate charge, and that each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence that may be applicable to him or to her. Thus, any possibility of supposed (but unspecified) prejudice would be cured by these instructions based on the present record.

Accordingly, the Court denies Stenberg's motion to sever [DE 58].

SO ORDERED.

ENTERED: April 24, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court